## THE PARISH WILL CASE.

*Supreme Court, First District; General Term, April,* 1859.

SPECIAL COLLECTOR.—COSTS IN SURROGATE'S COURT.

A special collector appointed by the surrogate has no authority to pay debts or make any disposition of the funds, except to pay his own expenses; and an order of the surrogate, that the costs of the parties to the proceedings on propounding the will for probate, be paid out of the estate, does not authorize the collector to pay such costs.

The contestants either for or against the will have no claim to be paid out of the estate until a final decision is made, so as to take the property out of the hands of the collector; and an order of the surrogate directing the collector to pay costs and expenses to the litigants is erroneous, and should be reversed.

*It seems*, that the surrogate's power to award costs out of the fund is purely statutory.

Whether he may award costs to an unsuccessful litigant,—*Query?*

Appeal from an order of the surrogate of the county of New York.

In the matter of the estate of Henry Parish, deceased, the surrogate made an order on the 17th day of December, 1857,

adjudging that the instrument propounded by one of the executors for probate, as the will of the deceased, together with one codicil, also propounded, formed the last will and testament of the deceased; and admitting them to probate as a will of real and personal estate. Two other codicils also propounded were adjudged not to form any part of the will, and refused probate.

The order contained the further direction, " that the reasonable costs and expenses of the parties in this matter, to be certified and allowed by the surrogate, be paid out of the estate."

Pending the proceedings contesting the probate, the surrogate had appointed a special collector of the estate, and he had paid from the funds of the estate, under the surrogate's direction, large sums on account of the expenses of the proceedings and the costs of the parties.

Subsequently, on the 31st day of December, 1857, upon the parties submitting to the surrogate their respective claims and demands for costs and expenses, the surrogate ordered that all payments made by the special collector, on the order of the surrogate, be ratified and confirmed, and further, that there be paid to various parties other sums not before directed to be paid.

From this latter order the appellants Daniel and James Parish, who were residuary legatees and devisees under the will, and who had contested the codicils, appealed to the Supreme Court.

*James Eschwege* and *Charles O'Conor*, for the appellants.

*Henry Day, Francis B. Cutting*, and *William M. Evarts*, for respondents Delafield and S. M. Parish.

*J. T. & D. Sherwood*, for respondents Sherman and A. Parish.

By THE COURT.—INGRAHAM, J.—During the pendency of the litigation before the surrogate, as to the validity of the will and codicils of the deceased, the surrogate appointed a special collector.

After he made the decision admitting the will and one codicil to probate, and rejecting the other codicils, the parties aggrieved appealed to this court.

The surrogate, in deciding the case, directed that the costs and expenses of the parties, to be certified and allowed by the surrogate, be paid out of the estate. This order was made on 17th December, 1857, and was not appealed from.

On the 31st December, 1857, the surrogate made another order, confirming, as proper charges, all payments made by the special collector, and directing various payments to be made by the special collector on account of the costs of the various par ties litigating as to the will.

It is objected by the respondents on this appeal, that the order of the 17th December, not having been appealed from, the parties were concluded by that portion which directs the payment of the costs, and the order of the 31st December was merely a taxation of the costs. The effect of the order of 17th December was not to that extent. That order was made when the surrogate decided to admit the will to probate, and the direction to allow the parties costs out of the estate, contemplated a payment to be made by the executor in the due course of administration. The appeal from the surrogate's decision stayed any action on the part of the executor (3 *Rev. Stats.*, 150), and continued the special collector in the charge of the estate. This order was no authority to the special collector to make any payments, and the order of the 31st December first adjusted any allowances, and ordered the same to be paid by the collector.

The sole object of appointing the collector is the preservation of the goods and property, and collection of the debts. (3 *Rev. Stats.*, 5th ed., 161, § 39.)

Such collector has no authority to pay debts or make any disposition of the funds, except to pay his own expenses.

The statute authorizes him to collect the goods, chattels, debts, &c., of the deceased, and to secure the same at such expense as shall be allowed by the surrogate, and for such purposes to maintain suits; to sell such of the goods of the deceased as shall be deemed necessary for the preservation of the estate after appraisement; and on the probate of the will, to deliver to the executor all the estate of the deceased.

It appears to me, therefore, that the special collector has no authority to make any payments except such as are necessary for the collection and preservation of the property of the es-

tate; and if he has no authority to pay, the order of the surrogate directing the payment was erroneous.

It is not necessary now to inquire whether the appellant may not hereafter, if these claims should be allowed by the executor when he finally obtains letters testamentary, object to the amounts and the allowances on the executor's final accounting.

Whether the surrogate has any power to allow to a party who does not succeed in such a litigation his costs and expenses, is a question of much moment.

By the statute (3 *Rev. Stats.*, 143, § 33), where a will of personal estate is contested, and afterwards admitted to probate, the statute provides that the party contesting shall pay the surrogate's fees and expenses, and if *the probate of a will should be revoked*, the party who fails may be required to pay the costs personally, or out of the estate.

There is no provision for such allowances in cases of wills of real estate.

There is a manifest difference between the authority of the surrogate in admitting a will to probate, and the cases referred to by the counsel, where courts of equity have ordered the costs of construing a will, or adjudicating upon trusts, to be paid out of the estate. Such a power is conferred upon a court of equity, to be exercised according to the discretion of the court; but the surrogate's court obtains authority to award costs from the statute (3 *Rev. Stats.*, 367, § 25), which says: "In all cases of contest before a surrogate's court, such court may award costs to the party in the judgment of the court entitled thereto, to be paid by the other party personally, or out of the estate." See Shultz *a.* Pulver (3 *Paige*, 185); but in Burtis *a.* Dodge (1 *Barb. Ch. R.*, 91), it was held he could not make arbitrary allowances.

It is not necessary, however, to discuss this branch of the case at present. I think it is apparent that the contestants, either for or against the will, have no claim to be paid out of the estate until a final decision is made, so as to take the property out of the hands of the special collector, and an order directing him to pay costs and expenses to the litigants is erroneous, and should be reversed.

As the counsel for the appellants stated that it was not desired to interfere with the payments heretofore made by the collector

under the order of the surrogate, he should be protected as to such payments. So much of the order as confirmed the payments made by the special collector under the order appealed from, is not to be affected by this appeal, and the order to be made reversing the order of the surrogate, is not to affect such payments.

So much of the order of the surrogate as directs the payment of any moneys by the collector is reversed.

DAVIES and SUTHERLAND, JJ., concurred.